## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR SIX EMAIL ACCOUNTS SERVICED BY GOOGLE FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. §§ 641 AND 793 | SC No. 20-sc-3361<br><br>**Filed Under Seal** |

## MOTION TO WITHDRAW APPLICATION

The United States of America, moving by and through its undersigned counsel, respectfully withdraws its Application in this matter, and seeks to quash this Court's January 5, 2021 Order.

On January 5, 2021, this Court issued an Order pursuant to 18 U.S.C. § 2703(d) for the production of non-content communication records by Google LLC ("Google" or "Provider"). That Order was promptly served on Google. The order also included a nondisclosure provision that prohibited Google from providing notice of the legal process to any person "except attorneys for PROVIDER for the purpose of receiving legal advice."

After consulting with Google, the United States moved to modify the nondisclosure order to enable Google to make a further disclosure and extend the time to respond. On March 3, 2021, this Court granted the motion and permitted Google to share the Order with David McCraw, the Deputy General Counsel of *The New York Times*, and extended the period for Google's production of records to March 11, 2021.

Thereafter, Mr. McCraw conferred with the Government and requested that the United States agree that: (1) the nondisclosure be further modified so that Mr. McCraw could notify his supervisor, Diane Brayton, General Counsel of *The New York Times*, and outside counsel, Alexander Southwell and Theodore Boutrous, Jr., of the Gibson Dunn law firm; (2) and that the production of records date for Google be extended 21 days from the execution of the modified nondisclosure order. The United States agreed to these requests and moved this Court to modify

the Order a second time accordingly, and the Court granted that motion on March 8, 2021.

After further discussion with Messrs. Southwell and Boutrous, the United States agreed to ask this Court for leave to amend the nondisclosure provision so they could consult with A.G. Sulzberger, Publisher of *The New York Times*, and Meredith Kopit Levien, President and Chief of Executive Officer of *The New York Times*. The United States sought such relief from the Court, and this Court modified the Order a third time on March 22, 2021. Discussions with counsel for *The New York Times* continued, and the United States requested additional time on several occasions, the last of which was May 11, 2021, when this Court extended the date by which Google was obligated to produce records until June 17, 2021.

Following additional developments in the matter, the United States at this time has determined that it does not wish to compel production from Google. The United States hereby moves to withdraw its Application and respectfully moves the Court to quash the Order. A draft proposed Order is attached to this motion.

The United States understands that after entry of the proposed Order that neither Google, nor those at *The New York Times*, will be under any nondisclosure obligations from this Court. However, this investigation is active                                                              As this Court is aware, this matter is already under seal; consistent with the sealing order, and in view of the investigative sensitivities, the Application in this matter has not been disclosed to Google, *The New York Times*, or anyone else not authorized to receive it. As such, the United States further requests that this Motion and proposed Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the materials to prevent serious jeopardy to an

ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  For the reasons stated previously, the United States has a compelling interest in confidentiality to justify continued sealing of this matter, this motion, and the proposed Order.

## CONCLUSION

Based on the foregoing, the United States requests that the Court grant the proposed Order.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

_/s/_ _Tejpal S. Chawla_____
Tejpal S. Chawla
Assistant United States Attorney
D.C. Bar No. 464012
National Security Section
555 4th Street, N.W., Room 11-860
Washington, D.C.  20530
Office: 202-252-7280
Tejpal.Chawla@usdoj.gov

JOHN C. DEMERS
Assistant Attorney General
M.A. Bar No. 643388

___/s/ Adam Small_____
Adam L. Small
Trial Attorney
M.D. Bar No.  0912170188
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20350
Phone: (202) 616-2431
Adam.Small@usdoj.gov

3